Karin P. Beam, SBN 112331
SPAULDING McCULLOUGH & TANSIL LLP
90 South E Street, Suite 200
P.O. Box 1867
Santa Rosa, CA  95402
Telephone:    (707) 524-1900
Facsimile:    (707) 524-1906

Attorneys for Plaintiff
KRS Capital Partners

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRS CAPITAL PARTNERS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED SOUTHWEST MORTGAGE CORPORATION, INC., a California corporation, d/b/a/ ALL REVERSE MORTGAGE COMPANY, and Does 1-36,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LANHAM ACT (15 U.S.C. § 1114(2)(D)(v)) |

Plaintiff KRS CAPITAL PARTNERS ("KRS") alleges:

1.  This is a complaint for declaratory and injunctive relief under Section 32 of the United States Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq. (the "Lanham Act").

THE PARTIES

2.  Plaintiff KRS CAPITAL PARTNERS ("KRS") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 3033 Cleveland Ave., Ste. 150, Santa Rosa, California 95403.

3.  Defendant UNITED SOUTHWEST MORTGAGE COMPANY dba ALL REVERSE MORTGAGE COMPANY ("USMC") is, and at all times mentioned herein was, a

1
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER
THE LANHAM ACT (15 U.S.C. § 1114(2)(D)(v))**

California corporation, having a principal place of business at 2019 W. Chapman Ave., Orange, California 92868.

4. Defendant DOES 1-36, inclusive, are sued in this Complaint under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are determined, plaintiff will amend this Complaint to insert their true names and capacities. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants are responsible in some manner or way for the occurrences alleged in this Complaint, and that the relief sought in this Complaint is as to each of those defendants.

5. At all relevant times mentioned in this Complaint, each of the defendants was the agent and employee of the remaining defendants, and in doing the things herein alleged, each was acting within the scope of such agency or employment.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§1331 because this is an action arising under the laws of the United States and specifically under the Lanham Act.

7. This Court has personal jurisdiction over defendant USMC because USMC has commercial activities in California that are substantial, continuous and systematic subjecting it to general personal jurisdiction in the State of California, including, without limitation, the Northern District of California.

8. Under 28 U.S.C. §1391, venue is proper in the United States District Court for the Northern District of California because USMC is a corporation that is deemed to reside in the judicial district where it is subject to personal jurisdiction at the time this action is commenced. Furthermore, in accordance with the Rule 3(b)(xii) of the Uniform Dispute Resolution Policy, USMC expressly agreed in the complaint it filed with the World Intellectual Property Organization ("WIPO") that it would submit, with respect to any challenge that may be made by Plaintiff to a decision by the Panel to transfer or cancel the Domain, to the jurisdiction of the courts in Santa Rosa, California, the address shown for the registration of the domain name in the concerned registrar's WhoIs database at the time USMC submitted its complaint to WIPO.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LANHAM ACT (15 U.S.C. § 1114(2)(D)(v))**

## BACKGROUND FACTS

9. Plaintiff KRS Capital Partners d/b/a Alliance Reverse Mortgage ("KRS") has been providing mortgage services, either directly or through its predecessor, since October 2001. KRS was founded by, and still owned by, Ron Kamler.

10. Originally, KRS conducted business under CALIFORNIA MORTGAGE CONSULTANTS and was a traditional mortgage lender.

11. On October 30, 2006, nearly a decade ago, KRS began conducting business as CALIFORNIA REVERSE MORTGAGE CONSULTANTS ("CRMC"). As its name indicates, CRMC's business model was solely focused on assisting consumers with obtaining reverse mortgages. CRMC's business plan was directed at creating a trusted resource for credit unions and their members.

12. CRMC used the crmcares.com domain name to conduct its business including as an address for its website and for email addresses.

13. After more than 8 years of conducting business as CRMC, Mr. Kamler decided that KRS needed a new name that reflected the strong partnership it has with credit unions. Mr. Kamler worked for more than a year to create a brand and image that positioned the company to move forward with continued growth with its credit union partners.

14. On April 16, 2015, KRS publicly launched its rebranded self as ALLIANCE REVERSE MORTGAGE. However, KRS has been registered with the California Bureau of Real Estate as "Alliance Reverse Mortgage" since January 20, 2015.

15. The ALLIANCE REVERSE MORTGAGE brand reflects the company's philosophy of partnering with credit unions for the betterment of their members. KRS is an "alliance" for its credit union partners and their members.

16. While searching for a domain name to use in connection with its launch of ALLIANCE REVERSE MORTGAGE, KRS found that the allreverse.com domain name was not actively in use by its then owner.

17. KRS believed that the allreverse.com domain name was an ideal choice for the new brand because it provided two key features. First, allreverse.com accurately describes the Alliance

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LANHAM ACT (15 U.S.C. § 1114(2)(D)(v))**

Reverse Mortgage business model of focusing exclusively on reverse mortgages – its business is simply all reverse mortgages. Second, it was a compact presentation of "Alliance Reverse." Strategically, it is less letters for consumers to type and simultaneously eliminates the concern that consumers might misspell "alliance."

18. KRS then successfully negotiated the purchase of allreverse.com for its new domain name. KRS made payment to the seller for the domain name on November 12, 2014 and formally acquired ownership of the domain name on November 19, 2014.

19. When KRS launched as ALLIANCE REVERSE MORTGAGE on April 16, 2015, it simultaneously switched to the allreverse.com domain name.

20. Since acquiring the domain name in November 2014, the only use of allreverse.com by KRS has been as the internet address for the Alliance Reverse Mortgage website and for email addresses for those who work at Alliance Reverse Mortgage.

21. When KRS purchased the allreverse.com domain name, it was solely because it describes a business that provides all reverse mortgages and because of the branding benefits associated with ALLIANCE REVERSE MORTGAGE. KRS has never intended to, and never has, used the domain name to trade on the mortgage services offered by USMC.

22. On or about March 11, 2016, USMC filed a complaint for decision regarding the domain dispute for allreverse.com with WIPO in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP"), approved by the Internet Corporation for Assigned Names and Numbers ("ICANN").

23. A decision was rendered by the WIPO panel on May 24, 2016 that was adverse to Plaintiff. The panel ordered the allreverse.com domain name transferred to USMC.

24. Plaintiff now comes before the Court to establish that the registration and use of the allreverse.com domain name by KRS is not unlawful under the Lanham Act's Anti-Cybersquatting Consumer Protection Act §32(2)(D)(v), 15 U.S.C. §1114(2)(D)(v).

//

//

//

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LANHAM ACT (15 U.S.C. § 1114(2)(D)(v))**

## COUNT ONE

(Declaratory Relief Under the Lanham Act [15 U.S.C. §1114(2)(D)(v)])

25. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 22.

26. Plaintiff brings this action for declaratory relief in order to establish that the registration and use of the domain name allreverse.com by plaintiff was not unlawful.

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT TWO

(Injunctive Relief Under the Lanham Act [15 U.S.C. §1114(2)(D)(v)])

27. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 26.

28. Plaintiff brings this action for injunctive relief in order to prevent the transfer of said domain name to defendant under 15 U.S.C. §1114(2)(D)(v).

29. The transfer of the domain name allreverse.com to defendant's possession, if not enjoined, will cause irreparable and continuing harm to KRS, for which KRS has no adequate remedy at law.

## PRAYER FOR RELIEF

1. As to plaintiff's first cause of action, that the Court declare that plaintiff is the true and sole owner of the allreverse.com domain name and that said domain name should remain in plaintiff's possession.

2. As to plaintiff's first cause of action, that plaintiff's registration and use of the allreverse.com domain name is lawful and that the Court declare that plaintiff has not committed any acts of trademark infringement against defendant USMC.

3. As to plaintiff's second cause of action, that defendant USMC and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from them, be preliminarily and permanently enjoined from transferring the domain name allreverse.com.

4. That costs of this action be awarded plaintiff.

5. Such additional and further relief as the Court determines is just and proper.

DATED: June 14, 2016

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiff KRS CAPITAL PARTNERS

By: */s/ Karin P. Beam*
Karin P. Beam